UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ASHLEY EDWARDS,** *Plaintiff,* v. **CLARITY SERVICES, INC.** *and* **PROPEL HOLDINGS, INC.,** *Defendants.* | Case No: **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, ASHLEY EDWARDS ("Ms. Edwards"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, CLARITY SERVICES, INC. ("**Clarity**") and PROPEL HOLDINGS, INC. ("**Propel**"), (jointly, the "Defendants,"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Edwards against the Defendants for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**") and against Propel only for Breach of Contract.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and the § 34.01, Fla. Stat.

Page **1** of 25

3. The Defendants are subject to the provisions of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Hillsborough County, which is in the Middle District.

## PARTIES

### Ms. Edwards

5. Ms. Edwards is a natural person residing in the city of Wimauma, Hillsborough County, Florida.

6. Ms. Edwards is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice

of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

### Propel

10. Propel is a Canadian corporation with a principal business address of 69 Yonge Street, Suite 1500, Toronto, Ontario M5E 1K3.

11. Propel is not registered to conduct business within the State of Florida.

### FACTUAL ALLEGATIONS

12. On or around September 6, 2021, Ms. Edwards received an open-ended loan from Propel via CreditFresh, with an initial credit line of $2,800 (the "**Account**"). **SEE PLAINTIFF'S EXHIBIT A.**

13. Ms. Edwards applied for the account while in Florida.

14. Ms. Edwards used the proceeds from the Account to make personal and household purchases.

15. The effective interest rate on the Account was over 45% annually.

16. In disclosures to its customers, Propel does not express its fees in terms of annual percentage rates.

Page **3** of **25**

17. Rather, Propel states there is a monthly, or, in some cases, a bi-weekly, "Billing Cycle Charge" based upon the principal balance. **SEE PLAINTIFF'S EXHIBIT B.**

18. For example, a balance between $1,000.00 to $1,249.99 would incur a monthly "Billing Cycle Charge" of $140, which charge equates to an annual interest between 134.4%-168%.

19. Propel discloses to its investors that the APR it charges for its extensions of credit falls between 88% to 190%. **SEE PLAINTIFF'S EXHIBIT C.**

20. Ms. Edwards drew on the line of credit, after which Propel made withdrawals from her Florida bank account.

21. Ms. Edwards received collection correspondences at her residence in Florida.

22. As Ms. Edwards took the loan out within Florida, had the proceeds wired to a bank account in Florida, and received collection correspondence in Florida, the account is subject to Florida law. *See California v. Iipay Nation of Santa Ysabel*, 898 F.3d 960 (9th Cir. 2018).

23. § 687.02(1), Fla. Stat., renders the extension of credit at interest rates greater than 18% per year usurious.

24. § 687.071(3), Fla. Stat., renders the extension of credit with annual interest rates **greater than 45%** a third-degree felony.

25. § 687.071(7), Fla. Stat., renders any extension of credit in violation of § 687.071, Fla. Stat., and any debt stemming from such extension of credit, void and unenforceable.

26. Any person who willfully makes such extension of credit, in addition to subjecting themselves to criminal sanctions, forfeits the right to collect payment for the extension of credit, as such extension of credit are "void as against the public policy of the state as established by its Legislature." *Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935).

27. Indeed, even the recovery of the principal balance made at usurious rates is impermissible under Florida law. *Rollins v. Odom*, 519 So. 2d 652, 656 (Fla. Dist. Ct. App. 1988).

28. The purpose of the usury statutes is to protect the needy borrower by penalizing the unconscionable money lender. *Stubblefield v. Dunlap*, 148 Fla. 401, 4 So.2d 519 (1941); *see also Pushee v. Johnson*, 123 Fla. 305, 166 So. 847 (1936); *River Hills, Inc. v. Edwards*, 190 So.2d 415 (Fla. 2d DCA 1966).

29. Florida has taken usury one step further in the consumer loan context through the passing of the Consumer Finance Act, § 516, Fla. Stat. (the "Act").

30. The Act requires licensure and state oversight for lenders issuing loans to Florida consumers in the amount of $25,000 or less. § 516.02(1) Fla. Stat.

31. The Act further restricts the interest and fees which man be charged by a licensed consumer finance company.

32. § 516.02(c), Fla. Stat., indicates that any loan which fails to comply with the Act is unenforceable in Florida, *even if valid wherever made.*

33. Thus, Florida has made clear that in order to enforce a consumer loan against a Florida resident, a lender must be licensed in Florida and comply with the Consumer Finance Act.

34. Ms. Edwards' Account charged an effective annual interest rate exceeding 45%, more than the rate permitted by the Act.

35. Propel is not licensed as a Consumer Finance Company in Florida.

36. Any balance owed on the Account it is unenforceable against Ms. Edwards.

37. The proceeds of Ms. Edwards' Account assessed interest at a rate that exceeds the maximum lawful interest rate in Florida.

38. The making, and collection, of the Account constituted a criminal act pursuant to § 687.071(2), Fla. Stat.

39. Because the Account is subject to an annual interest rate exceeding 25%, the balance is void *ab initio* and unenforceable under Florida law. *See Stubblefield v. Dunlap*, 148 Fla. 401, 4 So.2d 519 (1941); *Pushee v. Johnson*, 123 Fla. 305, 166 So. 847 (1936); *River Hills, Inc. v. Edwards*, 190 So.2d 415 (Fla. 2d DCA 1966).

*Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935) (criminally usurious loans are "void as against the public policy of the state as established by its Legislature.")

40. Since Ms. Edwards' Account assessed an interest rate exceeding 25%, the Account is void *ab initio* and unenforceable under Florida law.

41. Likewise, because the Account charged interest at more than Florida's legal rate, the balance on the Account is an *unlawful debt* per § 772.102(2)(a)(3), Fla. Stat.

42. Around October 21, 2022, Propel agreed to discharge the $1,597 it claimed was still owed on the Account, reducing the balance to $0 and delete the tradeline from the Credit Reporting Agencies ("**CRAs**.")

43. Legal counsel for Propel spoke extensively with Ms. Edwards' legal counsel and Propel was thus well-aware she was represented by counsel with respect to the Account.

44. However, as of August 22, 2024, Propel's tradeline regarding the Account is still reporting as owed and in collections. **SEE PLAINTIFF'S EXHIBIT D.**

### Clarity's Inaccurate Consumer Reports Regarding Ms. Edwards

45. At some point in 2020, Clarity began maintaining a credit file on Ms. Edwards.

46. On or about November 2021, Clarity began reporting a loan balance of $1,597 was owed to "CBW/CreditFresh." **SEE PLAINTIFF'S EXHIBIT A.**

47. "CBW/CreditFresh" refers to CBW Bank, a small bank in Weir, Kansas, which supposedly is the "bank partner" of Propel which operates an online lending platform known as CreditFresh.

48. CreditFresh makes small-dollar, short-term, online "payday" loans to consumers at effective interest rates usually exceeding 180% annually.

49. As of September 22, 2024, the "CBW/CreditFresh" tradeline indicated a "current loan amount" of $2,800, a "current balance" of $1,597, a "past due" amount of $124, a "next payment amount" of $248, and a "last updated date" of November 17, 2021. *Id.*

50. Thus, as of September 22, 2024, more than three years had passed since any update or change had been made to the "CBW/CreditFresh" tradeline.

51. On or about September 7, 2022, Propel agreed that Ms. Edwards's loan was settled with a $0 balance.

52. Ms. Edwards' Clarity credit file is far from an isolated incident; many consumer Clarity files have information about loans due weekly or bi-weekly which have not been updated for three or more years.

53. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

54. The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders; as such, allowing information to remain non-updated for three years or more virtually guarantees reports will be sold with stale, outdated, and erroneous information.

55. Beyond this, Clarity's systems are programmed to report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

56. Clarity's systems are literally *programmed to insert false information* into consumer credit files.

57. Records from Clarity show it sold at least ten (10) reports regarding Ms. Edwards in the past two years.

58. Each of these reports contained the inaccurate "CBW/CreditFresh" tradeline.

59. Clarity, a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, operates in stark contrast to its parent company.

60. While Experian enforces Metro 2 guidelines – industry standards which contain hundreds of pages of explanation on how to report information, covering almost any conceivable scenario, and which is used by other large CRAs

and serves as a *lingua franca* – Clarity requires no such compliance with Metro 2 guidelines and has no discernable quality-assurance standards.

61. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

62. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Edwards.

63. Clarity was thus aware that when it sold reports on Ms. Edwards in the last two years that, under a best-case scenario, it was selling data which was in three years out-of-date and other information it knew it had gathered without regard to accuracy or completeness.

64. The Defendants, along with subsidiary companies, individually and through their association with one another, constitute an *Enterprise* ("Enterprise") under the CRCPA, § 772.102(3), Fla. Stat.

65. As a result of the Defendant's actions, Ms. Edwards has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

66. Ms. Edwards has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

67. Ms. Edwards adopts and incorporates paragraphs 1 – 66 as if fully stated herein.

68. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Edwards when Clarity sold consumer reports containing out-of-date tradeline information on the CreditFresh loan, as the tradeline should have been deleted, or at the very least, should have reflected a $0 balance with $0 past due, if it was reported at all.

69. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with out-of-date, false tradeline information.

70. Clarity's conduct was thus willful or done with a reckless disregard for Ms. Edwards' rights under the FCRA.

71. As a result of its conduct, Clarity is liable to Ms. Edwards pursuant to the FCRA for the greater of Ms. Edwards' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Edwards respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Ms. Edwards' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

72. Ms. Edwards adopts and incorporates paragraphs 1 – 66 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

73. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Edwards when Clarity sold consumer reports containing out-of-date tradeline information on the CreditFresh loan, as it should have been deleted or at the very least it should have reflected a $0 balance with $0 past due, if it was reported at all.

74. Clarity owed Ms. Edwards a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Ms. Edwards.

75. Clarity breached this duty when it sold consumer reports containing out-of-date tradeline information on the CreditFresh loan, as it should have been deleted or at the very list it should have reflected a $0 balance with $0 past due, if it was reported at all.

76. Clarity thus acted negligently, and Ms. Edwards is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Edwards respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

    c.    Such other relief that this Court deems just and proper.

## COUNT III
### PROPEL'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)

77. Ms. Edwards adopts and incorporates paragraphs 1 - 66 as if fully stated herein.

78. Propel violated **15 U.S.C. § 1681s-2(b)** when Propel failed to update or delete its reporting of the Account as was agreed upon in a settlement with Ms. Edwards in October 2022.

79. Propel has been sued before for identical conduct and is thus aware that its procedures are unreasonable.

80. Propel's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to investigate consumer disputes.

81. Accordingly, Propel is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Edwards actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Edwards respectfully requests this Honorable Court enter judgment against Propel for:

a. The greater of Ms. Edwards' actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT IV
## PROPEL'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)
### (Pled in the Alternative to Count III)

82. Ms. Edwards adopts and incorporates paragraphs 1 - 66 as if fully stated herein, and strictly in the alternative to Count III.

83. Propel violated **15 U.S.C. § 1681s-2(b)** when Propel failed to update or modify its reporting to indicate the information was disputed by the consumer, Ms. Edwards.

84. Propel has been sued before for identical conduct and is thus aware that its dispute investigation procedures are unreasonable.

85. Propel acted negligently, and is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Edwards' actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Edwards respectfully requests this Honorable Court enter judgment against Propel for:

a. Ms. Edwards' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT V
## PROPEL'S BREACH OF CONTRACT

86. Ms. Edwards adopts and incorporates paragraphs 1 – 66 as if fully stated herein

87. Propel failed to delete all tradelines regarding the Account from the CRAs, as agreed.

88. The Plaintiff is entitled to attorney's fees and costs incurred in his attempt to enforce the terms of this agreement.

**WHEREFORE**, Ms. Edwards respectfully requests that this Honorable Court enter judgment against the Propel, jointly and severally, awarding the Plaintiff:

    a. Actual damages from Propel's breach of contract;

    b. The attorney's fees and costs spent enforcing the agreement; and,

    c. Such other relief as this Court deems as proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on October 29, 2024, by:

        **SERAPH LEGAL, P.A.**

        */s/ Christian E. Cok*
        Christian E. Cok, Esq.
        Florida Bar No.: 1032167
        CCok@SeraphLegal.com
        2124 W Kennedy Blvd., Suite A
        Tampa, FL 33606
        Tel: 813-567-1230
        Fax: 855-500-0705
        *Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A    Ms. Edwards' Clarity Statement, August 29, 2022, CreditFresh Tradeline – Excerpt
B    Propel's Truth in Lending Statement - Excerpt
C    Disclose Interest Rates from Propel
D    Ms. Edwards' Clarity Statement, September 22, 2024 CreditFresh Tradeline - Excerpt